IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN R. FARLOW | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 05-5079-CV-SW-RED |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) filed by Movant John R. Farlow. In this Motion, Movant cites three grounds for post-conviction relief. First, Movant argues that under the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.CT. 2531 (2004), a Judge is prohibited from making a finding of fact not proven beyond a reasonable doubt to a jury or admitted by the Defendant. Additionally, Movant cites *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), for the proposition that the 120 month minimum sentence he received under 18 U.S.C. § 2251(e) was trumped by the lesser sentence he would have received under the federal sentencing guidelines. Finally, Movant argues that the holdings in *Blakely* and *Booker* apply retroactively to his collateral attack. For the reasons set forth below, the Court finds that Movant's § 2255 Motion (Doc.1) is due to be **DENIED**.

### I. Factual and Procedural Background

On October 10, 2002, a federal grand jury returned a fifteen count indictment against Movant in the case *United States v. John R. Farlow*, 02-5041-CR-SW-RED. On June 9, 2003, Movant, pursuant to a plea agreement, entered a plea of guilty to Counts One and Fifteen of the indictment.

Count One, a charge of sexual exploitation of children pursuant to 18 U.S.C. § 2251(c), carried at the time of Movant's conviction a minimum sentence of 120 months. 18 U.S.C. § 2251(e). Count Fifteen of the indictment, a criminal forfeiture provision pursuant to 18 U.S.C. § 2253, was later dismissed by Order of the Court. (Doc. 44 in case 02-5041-CR-SW-RED). Under the terms of the plea agreement, Movant acknowledged that he understood that his sentence would be determined "pursuant to the United States Sentencing Guidelines as well as any applicable statutorily mandated sentence." (Doc. 34 in case 02-5041-CR-SW-RED) Movant, through the plea agreement, further stated that he understood that "the minimum sentence which may be imposed upon a plea of guilty to Count One is not less than 10 years' imprisonment" and that "if the final sentencing guideline calculation results in a range of punishment less than 120 months, the guideline calculation will be overridden by the mandatory statutory minimum sentence of 10 years (or 120 months) required by his plea to Count One." (*Id.*) Pursuant to the terms of the plea agreement, Defendant was sentenced by the Court on August 22, 2003, to a term of imprisonment of 120 months on Count One of the indictment. The record does not indicate that Movant attempted to appeal his sentence. His § 2255 motion was filed with the Court on June 28, 2005. Pursuant to the Court's Order to Show Cause (Doc. 5), the United States filed a Response (Doc. 7) to Movant's Motion on September 13, 2005. Movant then filed his Reply (Doc. 13) on October 18, 2005.

## II. Standard of Review

Section 2255 of Title 28 allows a prisoner in federal custody to attack a sentence imposed by a federal court, on grounds that the court lacked jurisdiction to impose the sentence, that the sentence was not authorized by law or was otherwise open to collateral attack, or that the prisoner's constitutional rights have been denied or infringed upon to render the judgment

vulnerable to collateral attack. 18 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 448, 470 (1962). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." *Id.*

### III. Analysis

In support of his § 2255 motion, Movant makes three arguments. First, that the Supreme Court's holding in *Blakely* v. *Washington*, 542 U.S. 269, 124 S.Ct. 2531 (2004), prevents a judge from making a finding of fact not proven beyond a reasonable doubt to a jury or admitted by the Defendant. Second, that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 2431 (2005) established a "new rule that provides that in a guideline sentencing system the guideline sentence is the statutory maximum sentence, not the U.S. Code sentence . . . ." Finally, Movant asserts that *Blakely* and *Booker* are retroactive to cases being considered on collateral review.

Movant's motion is due to be denied on all grounds. With respect to Movant's *Blakely* challenge, *Blakely* merely held "that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303-04, 124 S.Ct. 2537-38 (internal quotations omitted). See also Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

must be submitted to a jury, and proved beyond a reasonable doubt.")  Here, Movant was sentenced based solely on admissions outlined in his plea agreement and admitted by Movant at his change of plea hearing.  The plea agreement clearly stated that Movant's minimum sentence would be at least the 120 month statutory minimum set forth in 18 U.S.C. § 2251(e). Movant was sentenced to the minimum of 120 months.  Since the Court did not engage in any judicial fact finding after entry of Movant's guilty plea that enhanced his sentence above the statutory maximum–in this case 20 years or 240 months–Movant is not entitled to bring a *Blakely* challenge to his sentence.

Additionally, despite Movant's assertions to the contrary, the *Booker* ruling had no impact on statutory minimum sentences of the type Movant received.  *See United States v. Vieth*, 397 F.3d 615, 620 (8th Cir. 2005) (rejecting the notion that defendant was entitled to resentencing under *Booker* because the sentence was not determined based upon an application of the federal sentencing guidelines, but rather upon a mandatory minimum sentence under the United States Code.)  Since Movant's sentence was not determined upon an application of the federal sentencing guidelines, but rather upon the mandatory minimum sentence set forth in 18 U.S.C. § 2251(e) there is no *Booker* issue that can be raised in this case.

Finally, even if the Court had determined that Movant's *Booker* or *Blakely* challenge had been proper, neither holding is retroactive to cases being considered on collateral review.  *See Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005) (affirming decision of district court that *Blakely* was not retroactive on collateral review and holding that the "new rule" announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings).

In conclusion, upon review of Movant's 28 U.S.C. § 2255 Motion (Doc. 1), the

-4-

Government's Response (Doc. 7), Movant's Reply (Doc. 9) and the record and proceedings in the underlying criminal case, the Court finds that none of Movant's arguments warrant relief under § 2255. Additionally, the Court finds that all the issues can be conclusively resolved by the record and that a hearing is not warranted. *See Bradshaw v. United States*, 153 F.3d 704, 708 (8th Cir. 1998). Therefore, it is hereby:

ORDERED that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED.**

It is further ORDERED that a Copy of this Order be sent via first class, postage prepaid mail to:

>John R Farlow
>15396-045
>P.O. Box 7000
>Texarkana, TX 75505

**IT IS SO ORDERED.**

DATE:   April, 2006            */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT